**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Case No. 25-CR-150-02 (TSC)** |
| **MARK FLETCHER** | |
| **Defendant.** | |

**MOTION IN LIMINE TO EXCLUDE
IRRELEVANT AND INFLAMMATORY EVIDENCE**

Mark Fletcher, pursuant to Federal Rule of Evidence 403 hereby moves the Court to exclude the following graphic and inflammatory evidence from trial: (1) video footage that appears to capture the decedent, Rosendo Miller, as he takes his last breath, and (2) a 911 call in which Mr. Miller proclaims "I am dying." There is no dispute that Mr. Miller died on July 2, 2021. This evidence is disturbing and hard to watch and hear. Given that death or cause of death will not be an issue in dispute at trial, the evidence carries a substantial risk of inflaming the passions of the jury and confusing the issues, which is precisely what Rule 403 is designed to prevent. For the reasons set forth below, the Court should exclude this evidence.

**Factual Background**

Mr. Fletcher and his two co-defendants, Malik Bynum and Larry White, are charged with first degree murder (felony murder) and related offenses. The three men are accused of robbing the decedent on July 2, 2021 at approximately 8:40 p.m., in front of 1356 Brentwood Road, N.E. According to government allegations, during the robbery, another individual fired a gunshot in the direction of the defendants and the decedent. The government alleges that a co-defendant

subsequently fired a gun, and as a result, the decedent suffered several gunshot wounds. The suspects all fled the scene, and the decedent died as a result of the gunshot wounds.

## Argument

Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Mr. Fletcher respectfully moves to exclude from trial (1) graphic video showing the decedent during his final moments, and (2) a 911 call in which the decedent exclaims "I am dying." The surveillance video that depicts the charged robbery and shooting includes footage captured after all of the perpetrators have fled the scene and the decedent remains in the street. This is graphic footage that shows his last moments. During this time, the decedent appears to call 911, and the government has produced a recording of the call. The call captures the decedent's last words, exclaiming that he was dying.

The video and 911 call are highly inflammatory and serve no legitimate evidentiary purpose because there is no dispute that the decedent died as a result of the shooting. Any probative value of this evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Indeed, the cause of death of the decedent is undisputed and can be proven by the admission of other evidence such a medical examiner's report. Therefore, admission of such graphic material risks inflaming the jury and distracting from the core issue of liability without offering commensurate probative value. *See e.g. United States v. Ponce-Galvan*, 2022 WL 484990 (S.D. Cal., 2022) (excluding graphic photograph of death because the probative value of the image is substantially outweighed by unfair prejudice where a witness could corroborate the death).

2

Wherefore the reasons herein, Mark Fletcher respectfully moves the Court to exclude inflammatory, graphic, substantially more prejudicial than probative evidence from his trial.

Respectfully submitted,

A. J. Kramer
Federal Public Defender

_____/s/_____
ELIZABETH MULLIN
MARY PETRAS
Assistant Federal Public Defender
625 Indiana Ave NW, Suite 550
Washington, D.C. 20004
(202) 208-7500
Elizabeth_Mullin@fd.org