**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No. 25-cr-150** |
| | : | |
| **MALIK BYNUM, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT MALIK BYNUM'S MOTION TO SEVER

Defendant Malik Bynum, through undersigned counsel, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, respectfully moves the Court to sever his trial from that of Defendants Mark Anthony Fletcher and Larry White. Requiring Mr. Bynum to stand trial with his co-defendants—one of whom allegedly fired the fatal shot resulting in the victim's death, and the other of whom was wearing a GPS ankle monitor and made statements the government may seek to introduce at trial—will cause Mr. Bynum to suffer unfair prejudice.

### Procedural History

Mr. Bynum was arrested on July 2, 2021, in connection with the death of Rosendo Miller. The government alleges that Mr. Bynum and his co-defendants, Mark Anthony Fletcher and Larry White, robbed the victim as he exited a convenience store on Brentwood Avenue in Washington, D.C. Mr. White is alleged to have shot the victim during the robbery, resulting in his death.  Mr. Bynum and his co-defendants were initially charged in the Superior Court of the District of Columbia, where a trial date was scheduled for December 2025. In May 2025, the government indicted Mr. Bynum and his co-defendants in this matter. The sole federal charge filed was 18 U.S.C. § 922(g)(1).  The remaining charges are based on alleged violations of the D.C. Code.

**Argument**

Pursuant to Federal Rule of Criminal Procedure 14(a), if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The type of prejudice that triggers relief under this rule is that which creates a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The serious risk of prejudice may exist when defendants are tried together that have "markedly different degrees of culpability." *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021). A second basis of severance exists where "co-defendants rely on defenses that are mutually contradictory." *United States v. Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir. 1988). These bases for severance are considered separately from one another, and the denial on one basis does not necessitate the denial on the other. *United States v. Manner*, 887 F.2d 317, 326 (D.C. Cir. 1989).

In cases where "there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilty will improperly 'rub off' on the others." *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976) (citing *United States v. Kelly*, 349 F.2d 720, 756-59 (2d. Cir. 1965)). A trial court's denial of a motion to sever has been overturned in cases involving "clear disparities between the weight, quantity, or type of the evidence" and the "critical determination [has been] . . . whether a jury could reasonably compartmentalize the evidence introduced against each defendant." *United States v. Halliman*, 923 F.2d 873, 884 (citing and quoting *United States v. Hernandez*, 780 F.2d 113, 119 (D.C. Cir. 1986)).

Severance of Mr. Bynum from his co-defendants is warranted and required. The government is expected to argue at trial that Mr. White fired the weapon that killed the victim and that Mr. Fletcher was mere feet away from the victim at the time. The government is also expected to present evidence that Mr. Fletcher was wearing an ankle monitor during the alleged offense.  When Mr. White allegedly shot the victim, Mr. Bynum's back was turned to his co-defendants and the victim. The ankle monitor evidence will be used to place Mr. Fletcher at the scene and may also imply prior criminal conduct. There is no comparable evidence placing Mr. Bynum at the scene.  Additionally, the jury may make an improper character inference based on Mr. Bynum's association with Mr. Fletcher because of the presence of Mr. Fletcher's ankle monitor.  These discrepancies create a strong likelihood that a jury will improperly infer guilt as to Mr. Bynum.  Moreover, no limiting instruction would be effective in separating this evidence from the evidence against Mr. Bynum because the government is presenting a theory that the defendants were unified and acting in concert in the alleged crime.

Additionally, the parties may present contradictory defenses, further supporting severance. With respect to the inconsistent defenses presented by co-defendants, "there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *Tarantino*, 846 F.2d at 1399 (internal quotations omitted).  It is alleged that an associate of the victim began shooting toward the scene while the robbery was occurring. The government alleges that Mr. Bynum returned fire in the associate's direction. Meanwhile, it is alleged that Mr. White continued to struggle with the victim, with Mr. Fletcher nearby, and that Mr. White then shot the victim.  The co-defendants may argue that Mr. Bynum's conduct caused the fatal shooting.  Further, Mr. Fletcher made statements to law enforcement following his arrest.  If the government seeks to introduce those statements, they provide an additional basis for severance.

Respectfully Submitted,

*Marc Eisenstein*

Marc Eisenstein
Coburn & Eisenstein PLLC
1200 G Street, NW
8th Floor
Washington, DC 20036
Phone: (703) 963-7164
Fax: (866) 561-9712
marc@coburngreenbaum.com

*Counsel to Defendant Malik Bynum*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2026, a copy of the foregoing was filed with

the Clerk of the Court using the CM/ECF system and served on all counsel of record.

*Marc Eisenstein*

Marc Eisenstein