**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Case No. 1:25-cr-00150 (TSC) |
| | ) |
| LARRY WHITE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**LARRY WHITE'S MOTION TO SEVER CO-DEFENDANTS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Larry White ("White"), through undersigned counsel, respectfully moves this Court to sever his trial from that of his co-defendants Mark Anthony Fletcher and Malik Bynum, pursuant to Federal Rule of Criminal Procedure 14.

At all times White desired to resolve this matter. That is, White wanted to plead guilty in this matter but because the Government refused to unwire the plea, White is being forced to go to trial. It is clear that White's co-defendants will present a case-in-chief that will conflict and be irreconcilable with White's defense. It is apparent that co-defendants will act as second prosecutors should the trials be joined. White requests a hearing on this Motion.

**Factual History**

White and his co-defendants are charged with First Degree Murder (Felony Murder) and related counts. The three men are accused of robbing the decedent. According to discovery provided by the government, at some point in time, an individual shot in the direction of the defendants and the decedent. The government believes that White subsequently fired his gun killing the decedent.

**Argument**

**I.      Severance is Required Under Rule 14**

The Court should sever White from the other Defendants in order to reduce the danger of undue prejudice to White pursuant to Rule 14. D.C. Fed. Crim. R 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." White and his co-defendants are charged with First Degree Murder (Felony Murder) and related counts. Neither March Anthony Fletcher or Malik Bynum pulled the trigger that killed the decedent. Undoubtedly, White will be forced to defend against the government and his co-defendants.

Severance is required where the evidence against one or more co-defendants is so much more damaging than the evidence against the other that the disparity unfairly raises the specter of guilt by association. *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976). While most of the "disparate evidence' cases involve co-defendants charged with the same offense, "the legal principle underlying those cases - the determination of guilt of a defendant should be based on evidence admissible against that defendant Courts have recognized a general preference for joint trials in the federal system, based on the interests of efficiency and reduced risk of inconsistent verdicts." *United States v. Morrow*, 2005 U.S. Dist. LEXIS 8329 (D.C. March 25, 2005). However, the United States Supreme Court has held that a district court should grant a severance under Fed. R. Crim. P. 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants.

Rule 14 exists precisely to prevent the kind of unfair prejudice that joinder would cause in this case.

**II.     Severance is Required under a Second Prosecutor Theory**

Severance is required where, as here, joinder of a defendant deprives the defendant of a fair trial by introducing "what is in effect a second prosecutor into a case, by turning each co-defendant into the other's most forceful adversary." *Zafiro v. United States*, 506 U.S 534, 544 (1993) (Stevens, J., concurring in the judgment); *see United States v. Sheikh*, 654 F.2d 1057, 1066 (5th Cir. 1981) ("[t]he taking of an adversarial stance on the part of counsel for co-defendants may generate trial conditions so prejudicial to the co-defendant under attack as to deny him a fair trial")." The government's case becomes the only unified and consistent presentation." *United States v. Toolick*, 952 F.2d 1078, 1082 (9th Cir. 1991). It is clear to White that the other two (2) co-defendants intend to point the proverbial finger at White in open court and blame him for the alleged murder. If this were to occur, White would be substantially prejudiced.

For these reasons, Your Honor, severance is not only appropriate—it is necessary.

Dated:  March 27, 2026                               *The Law Firm of Sellano L. Simmons, PLLC*

                                                                 */s/Sellano L. Simmons*
                                                                 Sellano L. Simmons
                                                                 The Law Firm of Sellano L. Simmons PLLC
                                                                 503 D Street, Suite 300
                                                                 Washington, D.C. 20001
                                                                 Telephone: (240) 485-6106
                                                                 slsimmons@slsimmonslaw.com

                                                                 **ATTORNEY FOR LARRY WHITE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 27, 2026, a copy of the foregoing was filed via CM/ECF, notifying all parties of record.

Dated:  March 27, 2026                    ***The Law Firm of Sellano L. Simmons, PLLC***

                                          *<u>/s/Sellano L. Simmons                  </u>*
                                          Sellano L. Simmons
                                          The Law Firm of Sellano L. Simmons PLLC
                                          503 D Street, Suite 300
                                          Washington, D.C. 20001
                                          Telephone: (240) 485-6106
                                          slsimmons@slsimmonslaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25-cr-00150 (TSC) |
| | ) | |
| LARRY WHITE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER**

The Court having considered Larry White's Motion to Sever and the entire record, it is this

_____ day of _____, 2026, it is hereby

**ORDERED**, that the Motion be, and it hereby is **GRANTED**.

**SO ORDERED**.

_____
Judge Tanya S. Chutkan
United States District Judge