**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 25-CR-150 (TSC)** |
| | : | |
| **MARK FLETCHER,** | : | |
| **LARRY WHITE,** | : | |
| **MALIK BYNUM** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S RESPONSE TO FLETCHER'S MOTION FOR A CURATIVE INSTRUCTION (ECF 108)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this filing in response to Defendant Fletcher's Motion for a Curative Instruction, ECF 108.

### I.      Background.

The trial was completed on Friday, May 22, 2026 and the jury was given its final instructions and released sometime before 5PM.  Counsel for Defendant Fletcher filed ECF 108, Motion for Curative Instruction at 9:55PM on Sunday, May 24, 2026[1].  The jury is expected to begin deliberations at 10AM on Tuesday, May 26, 2026.  The Court directed the government to respond to Defendant's Motion for a Curative Instruction by 7PM on Monday, May 25, 2026 (Memorial Day holiday).  Given the time restraints and lack of transcripts available to the government, the government responds to the best of its ability despite not having transcripts to refer to and adequate time to more fulsomely respond to Fletcher's 17-page motion[2].

---

[1] Government counsel did not expect a motion would be forthcoming as counsel for Fletcher made no such indication prior to adjourning on Friday.

[2] Both government counsel have young children and did not have sufficient time to arrange for childcare on a

## II.        "Alibi" Instruction

The court properly excluded defendant's request to include a legal instruction in defense's theory of the case.  At every turn in this trial, defense counsel has requested deviations from standard Redbook instructions, including the removal of "theory" from the standard "defense theory of the case" instruction.  The Court did so, allowing defendants to further chisel away from accepted and standard instructions.  The defendants also wanted additional legal instruction that was imprecise and at best a select portion of the actual instructions.  They presented no legal authority before instructions were finalized and now their only authority is based on cases involving an alibi defense.  The defendants have not presented an alibi.  To stretch its application to this case would be absurd.  As the Court knows, the government need not prove that the shooting from the corner was an unrelated event or related event – that is simply not the law.  It is up to the jury to decide that when White shot Miller, he did so in furtherance of the robbery or within the scope of the robbery.  The first shot fired is just one factor to that analysis.  The defense is attempting to re-write the law and add additional elements where none exists.

## III.       Missing Evidence Argument

Counsel for Fletcher successfully admitted pre-clipped video surveillance evidence and an additional CCTV view through the government's witness, Investigator Anderson, without any notice to the government[3].  This evidence is not impeachment evidence, but substantive evidence that should have been admitted through defense's case, or at the very least, provided to the government in advance as a defense exhibit.  Despite the government's confusion over its relevance, these clips were admitted, precluding the government from understanding its relevance

---

holiday last minute.

[3] Defense counsel also asserted during trial that they had no idea what exhibits they'd introduce on cross, but yet when they began cross-examination of Investigator Anderson, all the evidence was already marked, clipped, and even printed (but no copy, digital or printed, was provided to the government until later in the day).

2

and putting on a rebuttal case to address it[4]. The government only understood the relevance of the alleyway video and the expanded times in the CCTV videos during Fletcher's closing (that Jaylen Carter was not the shooter because he did not run through the alleyway and someone said "they pulled up" as a sign of an unrelated crime). Had it been clear to the government what the purpose of the alleyway video or additional CCTV was, the government could have called Investigator Anderson or Detective Decker and explained what additional CCTV the government did have and introduced it in its rebuttal case. It would have, at a minimum, showed the jury that the government did acquire additional CCTV and explained from the detective's perspective why north of 14th Street was not pertinent to law enforcement's investigation. Because these clips were admitted by ambush in the government's own case, the defense unfairly got to insinuate additional evidence the government should have provided without giving us a chance to respond in a rebuttal case. They simply can't have it both ways and the Court was correct to limit counsel's arguments.

## IV.    Curative Instruction

Defense's request for a curative instruction is a rehash of previously litigated and settled issues. They are a broken record. It is an incorrect statement of the law to say that Miller's death was the "result of an unexpected result to an intervening event" or for an "intervening purpose". Under this idea, felony murder laws would not exist because everything and anything can be an unexpected result of an intervening event. The police intervened and tried to stop the robbery, so the perpetrator shot and killed the police. Such an intervention would be directly related to the robbery, and there is substantial evidence that the first shooter was a bystander or it was Carter who intervened. And even if there is evidence to support that the first shot was completely unrelated, another random crime, it is still up to the jury to decide that when White shot Miller,

---

[4] The government specifically raised the issue of defense springing their substantive evidence in the government's case, with no notice and no proffer for relevance, when counsel for Bynum tried to do the same thing.

whether that was a natural and probable consequence of the robbery.  Again, when someone commits robbery, and doesn't expect that fireworks would go off but when it does, the robber gets startled and shoots, is he guilty of felony murder?  That is a question for the jury, and the Court cannot be instructing the jury that in the latter scenario, he must be acquitted, which is what the defense is asking for.  The Court was correct that the "foreign mind" language is just a repeat of "separate and distinct" act.  Neither party gets to insert cumulative instructions with additional language of its choosing.  The instructions appropriately address distinct legal concepts, without repeating itself.  The defense included "coincidental in time and place" which is just restating the opposite of "in the ordinary course of things, the natural and probable consequence".  The Court has appropriately limited the defendants from re-writing the law.  The law is that the government must prove that White's killing of Miller was not a separate and distinct act for his own ends, not that the there was a separate and distinct event that caused White to kill Miller.  The defense is trying to blur that line but the Court sees the distinction between these two very obvious concepts. Defense counsel's argument throughout closing inappropriately and repeatedly attempted to blur this line, and the Court was correct to interrupt.  The government does not recall the Court expressing anything of substance in front of the jury except a warning about the time limit to Ms. Petras (at a point where it became clear that counsel was repeating previous arguments).  All other conversations were conducted under the husher, outside the purview of the jury.

The government does not object if the Court wishes to repeat what it already told the jury in preliminary instructions that the jury should ignore any opinions they believe the judge has expressed, but nothing more than that standard instruction.  Doing so would be inappropriate and unwarranted because the Court acted within its discretion to limit incorrect and misleading statements of the law and legal instructions.  Finally, as proposed by the defense, the curative

instruction is essentially telling the jury to find Mr. Fletcher not guilty.

## V.      Inappropriate Defense Arguments

The government refrained from objecting during defense counsel's closing arguments although we believed several statements to be objectionable, following the Court's request that parties not interrupt opposing counsel during closing arguments and reserve objections until the end of arguments. The Court repeatedly warned parties that she would interrupt counsel if she felt the need to during closing arguments.  As raised following defense arguments, it was inappropriate for defense counsel to state that the government "overcharged" Fletcher because as the Court stated, a grand jury (in this case, multiple grand juries) voted on these charges. Fletcher's counsel also stated something along the lines of Fletcher being willing to take responsibility, but that was not "good enough" for the government. That comment inappropriately insinuated to the jury that Fletcher was willing to take a plea offer, or that there was a personal vendetta on behalf of government counsel against Mr. Fletcher. Moreover, defense counsel was repeatedly testifying for her client by stating what Fletcher thought and felt during her closing argument. The Court appropriately interrupted counsel and spoke to counsel under the husher when counsel repeatedly crossed the line.  The government requested a curative instruction to address Fletcher's improper comments which was denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:    /s/ *Iris McCranie*
IRIS MCCRANIE
LAUREN GALLOWAY
Assistant United States Attorneys

5

N.Y. Bar No. 5011234 (McCranie)
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-7828
Iris.mccranie@usdoj.gov